**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAURA ENRIQUEZ,

    Plaintiff,

v.

                          Case No. 1:20-cv-06691

WEBCOLLEX, LLC d/b/a CKS
FINANCIAL,

    Defendant.

## COMPLAINT

    **NOW COMES** Plaintiff, LAURA ENRIQUEZ, through undersigned counsel, complaining of Defendant, WEBCOLLEX, LLC d/b/a CKS FINANCIAL, as follows:

### NATURE OF THE ACTION

    1.    This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

    4.    LAURA ENRIQUEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 434 South Grace Street, Lombard, Illinois 60148.

    5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

    6.    WEBCOLLEX, LLC d/b/a CKS FINANCIAL ("Defendant") is a limited liability company organized and existing under the laws of the state of Virginia.

1

Case: 1:20-cv-06691 Document #: 1 Filed: 11/10/20 Page 2 of 11 PageID #:2

7.      Defendant maintains a principal place of business at 510 Independence Parkway, Suite 300, Chesapeake, Virginia 23320.

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9.      Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

<h1 style="text-align:center">FACTUAL ALLEGATIONS</h1>

**Allegations specific to Plaintiff's FIT Mastercard®**

10.     Plaintiff applied for a FIT Mastercard®.

11.     Upon approval, Continental Finance Company issued Plaintiff a credit card bearing an account number ending in 9482.

12.     Plaintiff activated this card and began using this card for personal and household purchases.

13.     Over time, Plaintiff made $986.14 in charges to this card.

14.     Plaintiff's $986.14 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15.     However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $986.14 balance was charged-off and referred for collection.

16.     Defendant mailed Plaintiff a letter, dated September 30, 2020 (the "FIT Letter"), which stated:

> CKS Account ID: 2130971
> Balance: $986.14
> Original Creditor: THE BANK OF MISSOURI
> Brand: Fit
> Servicer: Continental Finance Company, LLC

---

[1] As a full-service accounts receivables management firm, CKS Financial manages portfolios above and beyond industry standards. We purchase consumer debt portfolios and offer contingency services to merchants, service providers, government entities and other organizations that extend credit to their customers or members. https://www.cksfin.com/about-cks (last accessed November 10, 2020).

Original Account Number Ending In: 9482

Dear Laura Enriquez,

This letter serves as notification to inform you that CKS Prime Investments LLC purchased your above referenced account which was been placed with our office.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

You may call our office at (833) 387-5604 if you would like to speak with a representative. Our office hours are Monday through Thursday 8:00 AM to 8:00 PM and Friday 8:00 AM to 5:00 PM, Eastern Standard Time.

Please send all correspondence to: CKS Financial, P.O. Box 2856, Chesapeake, VA 23327-2856.

It's easy to manage your account and make a payment online. Please visit www.cksfin.com.

**NOTICE: SEE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION**

CKS Financial

Webcollex, LLC dba CKS Financial – 510 Independence Parkway, Suite 300, Chesapeake VA 23320 (833) 387-5604

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*See* Exhibit A.

17.     The FIT Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18.     The FIT Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

19.     The FIT Letter stated: "Original Creditor: THE BANK OF MISSOURI."

20.     The FIT Letter stated: "Brand: Fit."

21.     The FIT Letter stated: "Servicer: Continental Finance Company, LLC."

3

22.     The FIT Letter did not say to whom this debt is owed; namely, whether it is (1) the original creditor; (2) the servicer; or (3) the entity who had allegedly purchased Plaintiff's defaulted FIT Mastercard® account.

23.     The FIT Letter simply stated, "CKS Prime Investments LLC purchased your above referenced above which has been placed with our office."

24.     This language fails, however, to eliminate any factual question as to who owned the debt at the time the FIT Letter was sent.

25.     The FIT Letter did say that Plaintiff should address all questions and payments concerning Plaintiff's FIT Mastercard® account to Defendant, which a recipient could reasonably understand as implying that Defendant itself was the creditor.

26.     The only addresses contained in the FIT Letter was the Defendant's principal office address in Chesapeake, Virginia and Defendant's post office box address in Chesapeake, Virginia.

27.     Upon information and belief, CKS Prime Investments LLC obtained Plaintiff's FIT Mastercard® account following Plaintiff's default and was the creditor to whom the debt was owed.

### Allegations specific to Plaintiff's BUILD Mastercard®

28.     Plaintiff applied for a BUILD Mastercard®.

29.     Upon approval, Continental Finance Company issued Plaintiff a credit card bearing an account number ending in 3738.

30.     Plaintiff activated this card and began using this card for personal and household purchases.

31.     Over time, Plaintiff made $1,097.75 in charges to this card.

32.     Plaintiff's $1,097.75 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

33.     However, Plaintiff's financial situation changed, Plaintiff defaulted on payments,

and Plaintiff's $1,097.75 balance was charged-off and referred for collection.

34.     Defendant mailed Plaintiff a letter, dated September 30, 2020 (the "BUILD

Letter"), which stated:

> CKS Account ID: 2132327
> Balance: $1,097.75
> Original Creditor: THE BANK OF MISSOURI
> Brand: Build
> Servicer: Continental Finance Company, LLC
> Original Account Number Ending In: 3738
>
> Dear Laura Enriquez,
>
> This letter serves as notification to inform you that CKS Prime Investments LLC purchased your above referenced account which was been placed with our office.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> You may call our office at (833) 387-5604 if you would like to speak with a representative. Our office hours are Monday through Thursday 8:00 AM to 8:00 PM and Friday 8:00 AM to 5:00 PM, Eastern Standard Time.
>
> Please send all correspondence to: CKS Financial, P.O. Box 2856, Chesapeake, VA 23327-2856.
>
> It's easy to manage your account and make a payment online. Please visit www.cksfin.com.
>
> **NOTICE: SEE REVERSE SIDE OF THIS LETTER FOR IMPORTANT INFORMATION**
>
> CKS Financial
>
> Webcollex, LLC dba CKS Financial – 510 Independence Parkway, Suite 300, Chesapeake VA 23320 (833) 387-5604
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

*See* Exhibit B.

35.     The BUILD Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36.     The BUILD Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

37.     The BUILD Letter stated: "Original Creditor: THE BANK OF MISSOURI."

38.     The BUILD Letter stated: "Brand: Build."

39.     The BUILD Letter stated: "Servicer: Continental Finance Company, LLC."

40.     The BUILD Letter did not say to whom this debt is owed; namely, whether it is (1) the original creditor; (2) the servicer; or (3) the entity who had allegedly purchased Plaintiff's defaulted BUILD Mastercard® account.

41.     The BUILD Letter simply stated, "CKS Prime Investments LLC purchased your above referenced above which has been placed with our office."

42.     This language fails, however, to eliminate any factual question as to who owned the debt at the time the BUILD Letter was sent.

43.     The BUILD Letter did say that Plaintiff should address all questions and payments concerning Plaintiff's BUILD Mastercard® account to Defendant, which a recipient could reasonably understand as implying that Defendant itself was the creditor.

44.     The only addresses contained in the BUILD Letter was the Defendant's principal office address in Chesapeake, Virginia and Defendant's post office box address in Chesapeake, Virginia.

45.     Upon information and belief, CKS Prime Investments LLC obtained Plaintiff's BUILD Mastercard® account following Plaintiff's default and was the creditor to whom the debt was owed.

## DAMAGES

46.     Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers."  15 U.S.C. § 1692(b).

47.     To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

48.     The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

49.     The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

50.     But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

51.     Although the FIT Letter refers to CKS Prime Investments LLC, the FIT Letter fails to ***clearly*** identify Plaintiff's current creditor.

7

Case: 1:20-cv-06691 Document #: 1 Filed: 11/10/20 Page 8 of 11 PageID #:8

52.     Although the BUILD Letter refers to CKS Prime Investments LLC, the BUILD

Letter fails to *clearly* identify Plaintiff's current creditor.

53.     Plaintiff was left unsure as to (and could not deduce from reading both Letters)

what creditor Defendant was attempting to collect for.

54.     Concerned with having had her rights violated, Plaintiff was forced to retain

counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

55.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as

though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

56.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection
with the collection of any debt, a debt collector shall, unless the following
information is contained in the initial communication or the consumer has paid the
debt, send the consumer a written notice containing –

    (1)     the amount of the debt;

    (2)     **the name of the creditor to whom the debt is owed**;

    (3)     a statement that unless the consumer, within thirty days after receipt
            of the notice, disputes the validity of the debt, or any portion thereof,
            the debt will be assumed to be valid by the debt collector;

    (4)     a statement that if the consumer notifies the debt collector in writing
            within the thirty-day period that the debt or any portion thereof, is
            disputed, the debt collector will obtain verification of the debt or a
            copy of a judgment against the consumer and a copy of such
            verification or judgment against the consumer and a copy of such
            verification or judgment will be mailed to the consumer by the debt
            collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

57.     The FDCPA requires the collector of a consumer debt to send the consumer a written notice containing, among other information, "the name of the creditor to whom the debt is owed."  § 1692g(a)(2).

58.     Regardless of who then owned the debt, the question under the statute is whether the FIT Letter and/or the BUILD Letter identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork.  *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016).

59.     "[The Seventh Circuit] has long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by sophisticated debtors."  *Steffek v. Client Servs.*, 948 F.3d 761, 764 (7th Cir. 2020).

60.     This implied requirement of clarity extends to identification of the current creditor under § 1692g(a)(2).  The mere presence of the correct name in the notice somewhere does not suffice.  *See Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 381 (7th Cir. 2019) (explaining the § 1692g(a)(2) "requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand"); *Janetos*, 825 F.3d 321 ("When § 1692g(a) requires that a communication requires certain information, compliance demands more than simply including that information in some unintelligible form.")

61.     Neither the FIT Letter nor the BUILD Letter clearly identified CKS Prime Investments LLC as the current creditor to whom the debt was owed; therefore violating 15 U.S.C.

§ 1692g(a)(2), which required Defendant to identify the current creditor clearly, without leaving the matter to guesswork.

62.     Indeed, merely naming the entity that owns the debt, but not identifying it as a "creditor," while also identifying the "original creditor," has been held to be a violation of section 1692g(a)(2).  *Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005).

63.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692g(a)(2);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 10, 2020                          Respectfully submitted,

**LAURA ENRIQUEZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com